IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Yiwu Baimei Electronic Commerce Co., Ltd., a Chinese Limited Corporation | ) ) ) | Case: 1:24-cv-01924 |
| Plaintiff, | ) ) ) | Judge: Franklin U. Valderrama |
| v. | ) ) | Mag. Judge: Sunil R. Harjani |
| The Partnerships And Unincorporated Associations Identified On Schedule "A" | ) ) ) ) ) | |
| Defendants. | ) | |

## MOTION TO MODIFY COURT ORDER [DOC. 18] GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER

COMES NOW, Plaintiff, by and through the undersigned counsel, and respectfully requests for this Honorable Court to modify its Order granting Plaintiff's Motion for Temporary Restraining Order [Doc. 18]. Specifically, Plaintiff requests an extension of ten days, up to and including March 14, 2024, to post bond and set the effective date of the TRO. As support thereof, Plaintiff presents:

1. On March 14, 2024, this Court entered an Order granting Plaintiff's Motion for Temporary Restraining Order. [Doc. 18]. Specifically, the Court stated:

> 12. By March 18, 2024, at 6:00 p.m., pursuant to Federal Rule of Civil Procedure 65(c), the Plaintiff shall post a bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), either cash or surety bond, as security, which amount has, in the absence of adversarial testing, been determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

> 15. Provided that Plaintiff posts the security as described in Paragraph 12 by the date and time indicated in Paragraph 9, this Temporary Restraining Order without notice shall become effective on March 18, 2024 at 6:00 p.m. and shall remain in effect for fourteen (14) days.

[*Id.*].

2. Within the two business days since this Court's order, Plaintiff has transferred funds designated for bond. However, the funds have not yet posted. As a result, Plaintiff is unable to obtain a money order or cash and deposit the bond by the March 18, 2024 deadline.

3. Plaintiff respectfully requests for this Court to modify its Order and permit ten days, up to and including March 24, 2024, for Plaintiff to post bond and set the effective date of the TRO.

4. The TRO has not been served.

5. The requested extension will not prejudice any party.

6. Fed. R Civ. P. 65(c) provides that

> The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained. The United States, its officers, and its agencies are not required to give security.

7. District Courts enjoy broad discretion in determining the time frame for a party to post bond. *Gateway E. Ry. Co. v. Terminal R.R. Ass'n of St. Louis*, 35 F.3d 1134, 1141 (7th Cir. 1994)(remanding to permit the district court to make additional findings with respect to the amount of the bond); *see also Olympia Equip. Leasing Co. v. W. Union Tel. Co.*, 786 F.2d 794, 797–98 (7th Cir. 1986)(holding that district courts have discretion to impose adequate alternate security when it appears a party is unable to post cash or a bond).

8. In *Bankdirect Capital Fin., LLC v. Capital Premium Fin., Inc.*, 912 F.3d 1054 (7th Cir. 2019), the Seventh Circuit Court of Appeals reviewed an interlocutory appeal in a contract

dispute. Notably, the Court's recitation of procedural history included that the district court had entered a preliminary injunction and then extended the time to post bond for nearly twelve months. *Id*. at 1056-1058. The Seventh Circuit reversed the district court's order, however, it was specifically for the district court "to award BankDirect damages for time the injunction has extended past June 1, 2018, and to determine whether either side owes damages to the other for breach of contract." *Id*. at 1059. Notably, the Court did not find that the trial court had abused its discretion in extending the time to post bond for nearly twelve months.

7. Plaintiff respectfully submits that in the instant case, Plaintiff requests an extension of ten days, up to and including March 24, 2024, to post bond and serve as the effective date of the TRO.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

1) Extend the time for Plaintiff to post bond until March 24, 2024; and

2) Extend the time for the effective date of the TRO until March 24, 2024.

Respectfully Submitted this 18th of March, 2024,

*Lydia Pittaway*
Attorney and Counselor at Law
Fla. Bar No.: 0044790
Ford Banister LLC
305 Broadway - Floor 7
New York NY 10007
Telephone: +1 212-500-3268
lpittaway@fordbanister.com
*Attorney for Plaintiff*